J-S28023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DASHARRH BARFIELD, | |
| Appellant | No. 1481 MDA 2014 |

Appeal from the Judgment of Sentence entered June 24, 2014,
in the Court of Common Pleas of Luzerne County,
Criminal Division, at No(s): CP-40-CR-0001489-2013

BEFORE:    BOWES, ALLEN, and LAZARUS, JJ.

CONCURRING MEMORANDUM BY ALLEN, J.:         **FILED AUGUST 25, 2015**

I agree with the Majority that the trial court did not err when it revoked Appellant's intermediate punishment.

I write separately because, in making its sentencing determination, the trial court – which had the benefit of a pre-sentence investigation report – considered appropriate sentencing factors, including Appellant's "substantial prior criminal history, much of which included drug-related offenses similar to the offense at issue here", and the fact that although Appellant had been given numerous opportunities to reform, previous efforts at rehabilitation were unsuccessful.   N.T., 6/5/14, at 4-5.   The trial court additionally observed that Appellant squandered the opportunity when the court initially imposed an IPP sentence on the underlying conviction.   *Id.*   Based on these considerations, the trial court sentenced Appellant to incarceration in a state

correctional institution so that Appellant could benefit from the programs offered in the state system.  ***Id****.*

Thus, it is apparent from the record that when imposing Appellant's sentence, the trial court adhered to the statutory provisions of 42 Pa.C.S.A. §§ 9721 and 9773, and considered Appellant's rehabilitative needs, his likelihood of reoffending, and the fact that efforts at rehabilitation had failed where Appellant had been on house arrest for only one month before violating the conditions of his intermediate punishment sentence.  On the basis of these sentencing considerations alone, the trial court's sentence would have been appropriate.

However, given that the trial court repeatedly referenced the sentencing guidelines in contravention of our decision in ***Philipp***, 709 A.2d at 921, which made clear that "the guidelines were not intended to and do not apply", I am constrained to concur with the Majority that the judgment of sentence must be vacated.

BOWES, J., Joins this concurring memorandum.